1810.
JUNE.

Winter
vs
Sumvalt.

In an action of slander the words charged to have been spoken were, "you are a rogue, and I can prove that you cheated M S out of 100 dollars"——Held, that the words were not in themselves actionable.

## WINTER vs SUMVALT.

APPEAL from *Baltimore* county court. This was an action of *slander*, brought by the appellee against the appellant. The slanderous words charged in the declaration were these: "You, (meaning the plaintiff,) are a rogue, and I, (meaning himself the defendant,) can prove that you, (meaning the plaintiff,) cheated *Mathias Sitler*, (meaning one *Mathias Sitler* of the city of *Baltimore*,) out of a hundred dollars." The general issue was pleaded, and there was a verdict for the plaintiff for one cent damages. *Motion*, and reasons in arrest of judgment. 1. Because the words spoken had no reference to the plaintiff in the way of his trade or business. 2. Because they were not in themselves actionable. The county court overruled the motion, and rendered judgment on the verdict for the plaintiff. The defendant appealed to this court.

The cause was argued before CHASE, Ch. J. BUCHANAN, GANTT, and EARLE, J.

*Kell, Winder, and McMechen,* for the Appellant, cited 1 *Com. Dig.* tit. *Action,* (F. 7,) 268. *Ludwell vs Hole,* 1 *Stra.* 696. *S. C.* 2 *Ld. Raym.* 1417. *Davis vs Miller,* 2 *Stra.* 1169. *Wake vs Chapman,* *Hardres's Rep.* 8; and *Cockaine vs Hopkins.* 2 *Lev.* 214.

*Scott,* for the Appellee.

JUDGMENT REVERSED, AND JUDGMENT ON THE VERDICT ARRESTED.

---

JUNE.

The sale of bank stock is within the statute of frauds of 29 Car II, ch 3. A broker who disposes of such stock for another, is to be considered the agent of both the owner and the purchaser.

## COLVIN vs. WILLIAMS.

APPEAL from *Baltimore* County Court. *Assumpsit.* The declaration contained *five* counts; the *first*, that the plaintiff, (the appellee,) was possessed of two shares of stock of the Bank of *Baltimore*, of the value of $1000, of which the defendant, (the appellant,) had notice, and in consideration that the plaintiff, at the special instance and request of the defendant, would sell to him the said two shares, and that the plaintiff would, in pursuance of such sale, transfer the stock to the defendant on, &c. he undertook, and then and there promised the plaintiff to pay him the sum of £900, it being the rate or sum of $450 for